IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONALD MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-216-O |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Rhonald Martinez, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner was charged in Tarrant County, Texas, Case No. 1253416D, with possession with intent to deliver four grams or more but less than 200 grams of methamphetamine. Adm. R., SH15 WR-16,448-11 95, ECF No. 9-58. On August 1, 2013, following a bench trial in the 297th District Court, the trial court found Petitioner guilty of the offense and true to the habitual-offender notice in the indictment. *Id.* On December 20, 2013, following preparation of a presentence investigation report, the court assessed his punishment at 40 years' confinement. *Id.* Petitioner appealed his

---

[1] Effective May 4, 2016, Lorie Davis replaced Williams Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

conviction and filed a postconviction state habeas-corpus application challenging his conviction, to no avail.

The state appellate court set out the background facts of the case as follows:

> One night in September 2011, Fort Worth Police Department Officer Aaron Cade was on patrol in a "high crime, very high drug activity area" when he saw a car with a defective license plate and an expired registration. Officer Cade conducted a traffic stop. As he approached [Petitioner]'s car, [Petitioner] lowered his driver's side window, quickly raised it back up, and began stepping out of the car. Officer Cade instructed [Petitioner] to sit in the car, but [Petitioner] said that his window was not working. Nonetheless, [Petitioner] sat in the car and again lowered the window.
>
> Officer Cade asked [Petitioner] for his identification and told him why he had been stopped. Then, Officer Cade asked him where he was going and what he was doing. [Petitioner] could not answer those questions. He appeared to be "really nervous"; his hand shook as he handed Officer Cade his driver's license, his voice was unsteady, and he was sweating. When Officer Cade asked [Petitioner] why he was nervous, [Petitioner] said, "I respect the police." Officer Cade asked whether [Petitioner] had anything illegal in the car, and [Petitioner] said that he did not. Based on [Petitioner]'s strange behavior, Officer Cade called for the help of another officer.
>
> By consent, Officer Cade searched [Petitioner]'s clothing but found nothing of consequence. Officer Cade also asked if he could search [Petitioner]'s car. [Petitioner] initially said yes. But when Officer Cade attempted to open the car, he noticed that [Petitioner] had locked its doors and had left its keys in the ignition with the car still running. Because [Petitioner] had given consent for Officer Cade to search the car but had then locked it with the keys inside, Officer Cade became "fairly certain . . . that [Petitioner] was hiding something." Officer Cade called for a narcotics dog and detained [Petitioner] in the back of the patrol car. [Petitioner] then withdrew his consent for the search of the car.
>
> Minutes later, the narcotics dog-"Z"-arrived and "hit" on the driver's side door of [Petitioner]'s car. The police, believing that they had developed probable cause to search the car, found a way to open it, searched it without obtaining a warrant, and discovered a baggie containing methamphetamine under the driver's side seat. [Petitioner]'s car also contained marijuana, more methamphetamine in the glove box, several empty baggies that had the potential to be used for packaging methamphetamine, and a syringe. Officer Cade arrested [Petitioner] without writing citations or warnings for the traffic offenses. From the traffic stop to [Petitioner]'s arrest, thirteen minutes elapsed.

2

> A grand jury indicted [Petitioner] with possessing while intending to deliver between four and two hundred grams of methamphetamine. [Petitioner]'s indictment included a paragraph alleging that he had been previously convicted of two felony offenses. The trial court appointed counsel to represent [Petitioner]. [Petitioner] filed several pretrial motions, including a motion to suppress evidence "obtained as a result of illegal acts on behalf of the Government." Specifically, in the motion to suppress, [Petitioner] contended that his roadside detention was not reasonable.
>
> The trial court denied [Petitioner]'s motion to suppress. [Petitioner] waived his right to a jury trial and pled not guilty. At trial, he testified that he did not own the car he was driving on the night of his arrest, that he never gave consent for Officer Cade to search the car or his clothes, and that he did not know drugs were in the car before his arrest.

*Id.*, Mem. Op. 2-3, ECF No. 9-4.

## II. ISSUES

Petitioner raises four grounds for relief, wherein he claims that (1) the search of the car was unconstitutional, (2) he was denied effective assistance of counsel on appeal, (3) the medical examiner who retested the drugs was not independent of the state or a "chemist expert," and (4) the state withheld exculpatory evidence in violation of *Brady*. Pet. 6-7, ECF No. 1.

## III. RULE 5 STATEMENT

Respondent believes that the petition is neither barred by the statute of limitations nor successive but asserts that grounds one and three are procedurally barred. Resp't's Ans. 11-15, ECF No. 8.

## IV. PROCEDURAL DEFAULT

Respondent claims petitioner's grounds one and three are procedurally barred from federal habeas review. Under his first ground, Petitioner claims that the search of the car following a routine traffic stop and investigation violated his constitutional rights under the Fourth Amendment. A federal habeas court is generally barred from reviewing Fourth Amendment claims. *Stone v. Powell,*

3

428 U.S. 465, 481 (1976). In *Stone,* the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. To satisfy the "opportunity for full and fair litigation" requirement, the state need only provide the processes whereby a defendant can obtain full and fair litigation of a Fourth Amendment claim. Petitioner litigated his Fourth Amendment claim, although unsuccessfully, during trial and again on appeal. Consequently, he had the "opportunity for full and fair litigation" of the claim and federal habeas review of the claim is not available.

Under his third ground, Petitioner claims that the Tarrant County medical examiner appointed to retest the drugs "was not independent of the state or a chemist expert." Pet. 7, ECF No. 1. Petitioner raised this claim for the first time in his state habeas application and the state habeas court entered the following relevant findings of fact regarding the claim:

> 10. Jennifer (Jondran) Mocking, trained in drug chemistry and board certified by the American Board of Criminalistics, of the Fort Worth Crime Lab's drug chemistry section initially tested the controlled substances.
>
> 11. There is no evidence, or allegation, that Mrs. Mocking was not qualified to test the controlled substances.
>
> 12. [Petitioner] filed a motion for independent test of the controlled substances on April 20, 2012.
>
> 13. In July 2013, both parties agreed to have the controlled substances retested by the Fort Worth Crime Lab and, if there was a problem, an alternative lab would then be used.
>
> 14. Instead of the Fort Worth Crime Lab, the Tarrant County Medical Examiner's Office tested the controlled substances.

15. Sarah Skiles of the Tarrant County Medical Examiner's Office retested the controlled substances and confirmed it was methamphetamine in the amount of over 4 grams but less than 200 grams.

16. [Petitioner] had "no objection" to the admission of Ms. Skiles' lab report for purposes of the record only.

17. [Petitioner] did not raise on direct appeal that he was denied an independent expert examination of the controlled substances.

18. Ms. Skiles is a forensic chemist.

19. [Petitioner] presents no evidence to support his claim that Sarah Skiles was not properly trained to analyze the controlled substances.

20. There is no evidence that there was any error in the examination, identification, or weight of the controlled substances.

Adm. R., SH15 WR-16,448-11 66-67, ECF No. 9-58 (record references omitted).

The state court determined that the claim was nevertheless forfeited under Texas's contemporaneous-objection rule because Petitioner did not lodge an objection to the medical examiner's report at trial or request additional testing after the second test was done. *Id.* at 76. Respondent contends the claim is barred from this Court's review based on this procedural default in state court. Resp't's Answer 11-15, ECF No. 8.

Under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the last state court to consider the claim expressly and unambiguously based its denial of relief on an independent and adequate state procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 729, (1991); *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999). In other words, when a state law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court. *Ylst v. Nunnemaker,* 501 U.S. 797, 801 (1991); *Wainwright v. Sykes,* 433 U.S. 72, 87-88 (1977); *Murray v. Carrier,* 477 U.S. 478, 485-492

(1986). "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain,* 128 F.3d 900, 902 (5th Cir. 1997). The Fifth Circuit has recognized that Texas's contemporaneous-objection rule, which requires a timely objection to preserve error for appeal, is strictly and regularly applied, and is therefore an adequate state procedural bar to federal habeas review. *Dowthitt v. Johnson,* 230 F.3d 733, 752 (5th Cir. 2000). In such cases, federal review of the claim is barred unless a petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice" due to actual innocence. *Sawyer v. Whitley,* 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Petitioner has not demonstrated cause and prejudice nor has he presented any new, reliable evidence to make a colorable showing of actual innocence. Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, ground three is procedurally barred from the Court's review.

## V. DISCUSSION

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)–(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102. Additionally, the

6

statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. A petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000). Finally, when the Texas Court of Criminal Appeals denies a federal claim in a state habeas corpus application without written opinion, a federal court may presume "that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary" and applied the correct "clearly established federal law, as determined by the Supreme Court of the United States" unless there is evidence that an incorrect standard was applied, in making its decision. *Johnson v. Williams*, 568 U.S. 289, 292-93 (2013); *Harrington*, 562 U.S. at 99; *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2004).

**A. Ineffective Assistance of Counsel on Appeal**

Under his second ground, Petitioner claims his appellate counsel was ineffective by failing to challenge the sufficiency of the evidence on appeal. Pet. 6, ECF No. 1. A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the familiar standard set forth in *Strickland v. Washington*. 466 U.S. at 668. *See also Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell

7

below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. The Supreme Court recently emphasized in *Harrington v. Richter* that–

> [t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

562 U.S. at 101 (quoting *Williams v. Taylor,* 529 U.S. 362, 410 (2000) (emphasis in original)). Accordingly, it is necessary only to determine whether the state courts' adjudication of Petitioner's ineffective-assistance claim is contrary to or an objectively unreasonable application of *Strickland*. *Bell v. Cone,* 535 U.S. 685, 698-99 (2002); *Kittelson v. Dretke,* 426 F.3d 306, 315-17 (5th Cir. 2005); *Schaetzle v. Cockrell,* 343 F.3d 440, 443 (5th Cir. 2003).

In the state habeas application, Petitioner argued that–

[w]hen reviewing the entire record of the trial in a light most favorable to the prosecution it was the prosecution who insisted the car that the methamphetamine was found in belongs to someone other than [Petitioner]. This fact required additional proof that [Petitioner] who had merely been driving the car after working on it all day

had knowledge of and control over the contraband found hidden in various place[s] in the car or there are additional facts and circumstances which affirmatively link the accused to the contraband. [Petitioner]'s defense was his mere presence in driving the car had nothing to do with a knowledge or intent in possessing or selling the drugs found in it. His custody of the car which narcotics were found in are [sic] not dispositive of knowledge of narcotics located in the car. Nor is it synonymous with control of the contraband found therein.

Adm. R., SH15 WR-16,448-11 16, ECF No. 9-58.

Appellate counsel responded to Petitioner's allegation by affidavit as follows:

> Martinez complains that on appeal, I failed to raise a complaint that the evidence supporting the trial court's judgment was insufficient.
>
> Martinez entered an open plea to the trial court. Article 1.15 of the Texas Code of Criminal Procedure provides that in the event of a felony conviction based upon a guilty plea in lieu of a jury verdict, "it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and . . . in no evidence shall a person charged be convicted upon a guilty plea and to satisfy the requirements of article 1.15 so long as the judicial confession covers all of the elements of the charged offense. Since Martinez pled guilty as charged in the indictment, his plea covered all the elements of the charged offense. Thus, the evidence-in the form of Martinez's judicial confession-was sufficient to support the conviction.

Adm. R., SH15 WR-16,448-11, 63, ECF No. 9-58 (citations omitted).

A review of the state court record reflects that counsel is mistaken in his assertion that Petitioner pleaded guilty, when in fact he pleaded not guilty; thus, counsel's response is not on point. Nevertheless, based on the recitation of the background facts of the case by the appellate court, the state habeas court entered the following factual findings, which were adopted by the Texas Court of Criminal Appeals:

> 59. [Petitioner] asserts that appellate counsel should have attacked the sufficiency of the evidence to support his conviction.
>
>     . . .

9

61. Officer Cade found $214 in [Petitioner]'s wallet in the form of one 50, eight 20s, and four ones.

62. Detective Rhodes testified that he had a lot of experience with narcotic cases.

63. Detective Rhodes testified that, based on his training and experience, factors like the total amount of the controlled substances, how it is packaged, and possession of a large amount of currency in smaller increments are indicative of possession with intent to delivery [sic].

64. Detective Rhodes testified that the amount [Petitioner] had was indicative of possession for dealing and not personal use.

65. Detective Rhodes testified that having multiple small baggies with the drugs is indicative of possession for dealing and not personal use.

66. Detective Rhodes testified that having a couple hundred dollars in cash in smaller increments is indicative of a person intending to distribute.

67. Both tests of the controlled substances established that the amount of methamphetamine was over four grams but less than 200 grams.

68. There was sufficient evidence to support [Petitioner]'s conviction for possession with intent to distribute.

69. No reasonable likelihood exists that the outcome of the appellate proceeding would have been different had counsel attacked the sufficiency of the evidence on direct appeal.

*Id.* at 72-73 (record references omitted).

Based on its findings, the state habeas court concluded that the evidence was sufficient to support Petitioner's conviction under the standard set out by the United States Supreme Court in *Jackson v. Virgin,* 443 U.S. 307, 319 (1979), and that Petitioner had failed to satisfy either prong of the *Strickland* test because the issue would have been frivolous. *Id.* at 79-80. Appellate counsel is not required to raise every conceivable argument urged by his client on appeal, regardless of merit. *Smith v. Robbins,* 528 U.S. 259, 287-88 (2000). It is counsel's duty to choose among potential issues,

according to his judgment as to their merits and the tactical approach taken. *Jones v. Barnes,* 463 U.S. 745, 749 (1983). Giving appropriate deference to the state courts' factual findings, and having independently reviewed Petitioner's claim and the state court record, the state courts' application of *Strickland* was reasonable.

**B. Prosecutorial Misconduct**

Under his fourth ground, Petitioner claims that the Fort Worth police department and the Tarrant County prosecutors withheld the dash-cam video recordings of the traffic stop in violation of *Brady v. Maryland,* 373 U.S. 83 (1963), and that the recordings would have constituted material exculpatory or impeachment evidence. Pet. 7, ECF No. 1. In support of his claim, Petitioner relies upon Officer Cade's testimony in Petitioner's civil forfeiture proceeding that the dash-cam "videotape was never tagged as evidence" and alleged information obtained from the State Counsel for Offenders that the backup patrol car had dash-cam recordings. Pet'r's Traverse 8, ECF No. 11.

In *Brady,* the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady,* 373 U.S. at 87. In order to prevail on a true *Brady* claim, however, it is not enough simply to say that favorable evidence was withheld. A petitioner must establish that (1) the prosecution suppressed or withheld evidence; (2) the evidence was favorable to the defense; and (3) the evidence was material to either guilt or punishment. *United States v. Fisher,* 106 F.3d 622, 634 (5th Cir. 1997) (quoting *Westley v. Johnson,* 83 F.3d 714, 725 (5th Cir. 1996), *cert. denied,* 519 U.S. 1094 (1997)). Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Kyles v. Whitley,* 514 U.S. 419, 434

(1995) (quoting *United States v. Bagley,* 473 U.S. 667, 682 (1985)).

The state habeas court entered factual findings, which were adopted by the Texas Court of Criminal Appeals, including findings that the state court records did not include a copy of any dash cam recording; that no audio or video recordings were submitted into evidence or submitted to the Tarrant County Criminal District Attorney's Office; that no audio or visual recordings were admitted at trial; and that there was no evidence that an audio or video recording of the traffic stop was made. Adm. R., SH15 WR-16,448-11 68, ECF No. 9-58. Based on its findings, the state court concluded that Petitioner had failed to prove the state withheld evidence from the defense. *Id.* at 76. Giving appropriate deference to the state courts' factual findings, the state courts' adjudication of the claim was reasonable. Petitioner has not demonstrated that any of the alleged dash-cam recordings actually exist or existed. And more importantly, even if the Court assumes that such recordings did exist, Petitioner has simply not established that the recordings would show what he claims that they would show, namely, that–

> Officer Cade lied about consent to search, what I told him when he asked me where I was driving to, and the fact that he ordered me out of the car under arrest, frisked me, seized my wallet with $214.00 and gold watch, then cuffed me and made me sit in the street in front of his car.

Pet'r's Traverse 8, ECF No. 11.

## VI. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, for the reasons discussed, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 29th day of November, 2017.

12

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE